IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPH TORRES,

    Plaintiff,

  v.                                                             No. CV 10-0267 BB/GBW

JOE WILLIAMS, GEORGE TAPIA,
JOE PACHECO, MR. GATTI,
CO VARGASS, CO BURNING,
DAVID GALLEGOS, CMS MEDICAL STAFF,

    Defendants.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's original and supplemental civil rights complaints. Also before the Court are a number of motions filed by Plaintiff. Plaintiff was incarcerated when he filed his complaint, appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). Because Plaintiff has been released, the Court will grant IFP but will not order payments pursuant to § 1915(b)(1). For the reasons below, the Court will dismiss certain of Plaintiff's claims.

       The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to

amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.  *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendants have denied Plaintiff necessary medical treatment for his serious conditions.  Plaintiff also alleges that he was subjected to retaliation and harassment.  He states that he has raised these same claims against some of the Defendants in state court.  Plaintiff does not identify the specific constitutional provisions that Defendants' actions have violated.  The complaint seeks damages.

No relief is available on Plaintiff's claims against Defendants Williams and Tapia.  The complaint contains no allegations against Defendant Williams, and the only allegation against Defendant Tapia is that he is "the warden and supervisor where violations took place."  To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by a defendant in the constitutional violation.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996).  A civil rights action against a state official may not be based solely on a theory of respondeat

superior liability for the actions of workers supervised by the official.  *See Mitchell*, 80 F.3d at 1441.  The Court will dismiss Plaintiff's claims against these Defendants.

Plaintiff's Motion Petitioning The Court To Move Civil Complaint From 1st District Court (Doc. 3) will be denied because Plaintiff may not remove his own state court case.  *See Hamburg v. Goshen County Att'y*, No. 93-8025, 1993 WL 336012, at *1 (10th Cir. Aug. 27, 1993); *Bartnick v. City of Greenwood Village*, No. 94-1089, 1995 WL 427677, at *1 (10th Cir. July 20, 1995).  The Motion Ordering Defendants To Release All Medicle File To Plaintiff And District Court And Release Of Video Footage Recordings Pictures, And Incident Reports (Doc. 6) will be denied pending Defendants' responsive pleadings.  On consideration of the factors in *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); *Rucks v. Boegerman*, 57 F.3d 978, 979 (10th Cir. 1995), Plaintiff's Motion For Appointment Of Counsel (Doc. 8) will be denied at this time.  The Motion For Leave To File An Amended Complaint (Doc. 9) will be denied as moot because this relief does not require a motion.  *See* Fed. R. Civ. P. 15(a)(1).  The motions for equitable relief (Docs. 7, 10, 12) also will be denied as moot because Plaintiff has been released from custody.  *See Cox v. Phelps Dodge Corp.*, 43 F.3d 1345, 1349 (10th Cir. 1994) (quoting *Facio v. Jones*, 929 F.2d 541, 544 (10th Cir. 1991)).

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to proceed under 28 U.S.C. § 1915 (Doc. 2) is GRANTED;

IT IS FURTHER ORDERED that Plaintiff's Motion Petitioning The Court To Move Civil Complaint From 1st District Court (Doc. 3), the Motion Ordering Defendants To Release All Medicle File To Plaintiff And District Court And Release Of Video Footage Recordings Pictures, And Incident Reports (Doc. 6), and the Motion For Appointment Of Counsel (Doc. 8) are DENIED; the Motion For Leave To File An Amended Complaint (Doc. 9) and the motions for equitable relief (Docs. 7, 10, 12) are DENIED as moot;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants Williams and Tapia are DISMISSED; and these Defendants are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to add Sgt. Bell to the caption as a Defendant; and to issue notice and waiver of service forms, with copies of the complaint (Docs. 1, 11), for Defendants Pacheco, Gatti, Vargass, Burning, Gallegos, and Bell.

_____
UNITED STATES DISTRICT JUDGE