IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH TORRES,

    Plaintiff,

v.                                             No. 10-cv-0267 BB/SMV

JOE WILLIAMS; GEORGE TAPIA;
JOE PACHECO, Unit Manager; FNU GATTI;
FNU VARGASS, Correctional Officer;
FNU BURNING, Correctional Officer;
DAVID GALLEGOS, Transport Officer;
CMS MEDICAL STAFF; and FNU BELL, Sgt.,

    Defendants.

### ORDER DENYING PLAINTIFF'S
### THIRD MOTION FOR APPOINTMENT OF COUNSEL

THIS MATTER is before the Court on Plaintiff's Petition for Appointment of Counsel [Doc. 46] ("Third Motion to Appoint Counsel" or "Motion"), filed on August 8, 2012. Defendants have not responded to the Motion, nor is a response needed. Plaintiff has failed to show that there is sufficient complexity or merit in his claims to warrant the Court's requesting assistance of counsel. Moreover, Plaintiff has failed to state any new grounds that differ from those stated in his two previously denied motions for appointment of counsel. The Court, having reviewed the record, the relevant case law, and being otherwise fully advised in the premises, FINDS that the Motion is not well-taken and should be denied.

Plaintiff has twice previously moved the Court to appoint him counsel. He filed his first motion on April 15, 2010. Motion for Appointment of Counsel [Doc. 8] ("First Motion to Appoint Counsel"). In that motion, Plaintiff stated that limited access to legal materials as well

as the complexity of the case necessitated appointment of counsel for him to properly represent his claims. *Id.* at 1. He added that he unsuccessfully attempted to obtain counsel on a pro bono basis. *Id.* at 2. On December 13, 2010, the Honorable Bruce D. Black, Chief United States District Judge, denied the First Motion to Appoint Counsel on consideration of the factors set forth in *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (see factors, *infra*). Memorandum Opinion and Order [Doc. 14] at 3. Plaintiff then filed his second motion for counsel on September 20, 2011, wherein he asserted that he is unfamiliar with the law and unable to afford counsel. Motion Requesting Council [sic] [Doc. 28] ("Second Motion to Appoint Counsel"). The Honorable Gregory B. Wormuth, United States Magistrate Judge, denied the Second Motion to Appoint Counsel upon finding that Plaintiff had not met his burden of showing that there was sufficient merit to his claim. Order Denying Appointment of Counsel [Doc. 29] at 1–2.

As a basis for his Third Motion to Appoint Counsel, Plaintiff offers the same reasons that he did previously: he is illiterate with respect to the law, he is unable to afford counsel, and he needs counsel for the purpose of properly investigating and representing his claims. Third Motion to Appoint Counsel [Doc. 46] at 2. He asserts further that he has unsuccessfully contacted several civil rights attorneys to represent him. *Id.*

United States District Courts lack the authority to appoint counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). In deciding whether to request voluntary assistance of counsel, courts should consider "the merits of the litigant's claims, the nature of the factual

issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks*, 57 F.3d at 979 (internal quotation marks omitted). Ultimately, the burden is on the plaintiff "to convince the court that there is sufficient merit to his claim to warrant [a request for voluntary assistance] of counsel." *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir 2004) (internal quotation marks omitted).

With respect to the present Motion, Plaintiff has not offered any reasons for requesting counsel that are different from his first two motions. Moreover, the Court is not convinced that there is sufficient merit or complexity in Plaintiff's claims to warrant the Court's requesting assistance of counsel. Finally, thus far, Plaintiff has been adequately presenting his claims.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Petition for Appointment of Counsel [Doc. 46] is **DENIED**.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**