IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH TORRES,

    Plaintiff,

v.                                                                                              No. 10-cv-0267 MV/SMV

JOE WILLIAMS; GEORGE TAPIA;
JOE PACHECO, Unit Manager; FNU GATTI;
FNU VARGASS, Correctional Officer;
FNU BURNING, Correctional Officer;
DAVID GALLEGOS, Transport Officer;
CMS MEDICAL STAFF; and FNU BELL, Sgt.,

    Defendants.

## ORDER TO SHOW CAUSE WHY DEFENDANT BURNING SHOULD NOT BE DISMISSED

THIS MATTER is before the Court sua sponte on the matter of service on Defendant Correctional Officer Burning. Plaintiff is appearing pro se and proceeding *in forma pauperis* under 28 U.S.C. § 1915. Civil Rights Complaint Pursuant to 28 U.S.C. § 1983 [Doc. 1] ("Complaint"); Memorandum Opinion and Order [Doc. 14] at 3. By prior order, the Court directed that notice and waiver of service forms, along with a copy of the Complaint, be sent to Defendant Burning. Memorandum Opinion and Order [Doc. 14] at 4. No waiver of service was filed by him or on his behalf. Then, on August 15, 2012, the Court ordered the U.S. Marshals Service to attempt personal service on Defendant Burning. Order Directing Personal Service [Doc. 49]. Summons was returned unexecuted on September 13, 2012. Process Receipt and Return [Doc. 53]. The Process Receipt and Return indicates that the Human Resources

Supervisor for the New Mexico State Penitentiary informed the Marshal that "there is no "[Correctional Officer] Burning within the penitentiary." *Id.* at 1.

Absent a showing of good cause, the Court must dismiss a defendant without prejudice if that defendant is not served within 120 days of the filing of the complaint. Fed. R. Civ. P. 4(m). It has been well over 120 days since the filing of the Complaint, and Defendant Burning has yet to be served. The Court has already attempted personal service as required pursuant to 28 U.S.C. § 1915(d). Plaintiff is therefore put on notice that, absent a showing of good cause, Defendant Burning may be dismissed for insufficient service. *See also Sanders v. Southwestern Bell Tel., L.P.*, 544 F.3d 1101, 1111 (10th Cir. 2008) (requiring courts to give notice of dismissal for insufficient service under Fed. R. Civ. P. 4(m)); *see also Caldwell v. Martin*, Nos. 95-6101, 95-6381, 1996 WL 731253, at *1–2 (10th Cir. Dec. 20, 1996) (unpublished) (dismissal without prejudice proper where pro se plaintiff proceeding *in forma pauperis* failed to provide current address where defendants could be located).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff has 30 days from entry of this Order to show cause why Defendant Correctional Officer Burning should not be dismissed for insufficient service of process.

**IT IS SO ORDERED**.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**